**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4583**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

JOSEPH LUTHER LEWIS,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00400-FL-1)

Submitted: March 13, 2019           Decided: March 28, 2019

Before MOTZ, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, LAW OFFICES OF W.H. PARAMORE, III, Jacksonville, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Gabriel J. Diaz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Luther Lewis appeals his 151-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012). On appeal, Lewis challenges the sufficiency of the evidence supporting the district court's application of the kidnapping cross-reference under U.S. Sentencing Guidelines Manual §§ 2K2.1(c)(1)(A), 2X1.1(a), 2A4.1 (2016). For the reasons that follow, we affirm.

"At sentencing, the government has the burden to prove a cross-referenced offense by a preponderance of the evidence." *United States v. Slager*, 912 F.3d 224, 232 (4th Cir. 2019) (brackets and internal quotation marks omitted). "In reviewing whether a district court properly applied its application of a cross-reference, we review the district court's legal conclusions de novo and its factual findings for clear error," *id.* (ellipsis and internal quotation marks omitted), "accord[ing] the district court's credibility determinations great deference," *United States v. Bolton*, 858 F.3d 905, 913 (4th Cir. 2017) (internal quotation marks omitted).

The Government presented evidence that, on the night of the incident giving rise to the firearm charges, Lewis attempted to prostitute his then-girlfriend by driving her at gunpoint to an abandoned house. A police officer testified that he observed injuries to

2

the victim[*] consistent with her account that she jumped out of a moving vehicle driven by Lewis, who then pulled out a gun and directed her to reenter the car. At the victim's suggestion, police searched the nearby woods, where they recovered Lewis' firearm. Based on this evidence, we conclude that the district court did not clearly err in finding that sufficient evidence supported application of the kidnapping cross-reference.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The victim was unable to testify because she died before the sentencing hearing. We reject Lewis' argument that her unavailability violated his right to confrontation. *See United States v. Umaña*, 750 F.3d 320, 346 (4th Cir. 2014) ("[T]he right to confrontation does not apply at sentencing.").

3